[Cite as *Matrix Acquisitions, L.L.C. v. Merriman*, 2011-Ohio-4419.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96280

## MATRIX ACQUISITIONS, L.L.C.

PLAINTIFF-APPELLEE

vs.

## SCOTT R. MERRIMAN

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-716873

**BEFORE:**   Kilbane, A.J., Boyle, J., and Rocco, J.


**RELEASED AND JOURNALIZED:**   September 1, 2011

**ATTORNEY FOR APPELLANT**


Orville E. Stifel, II
5310 Franklin Boulevard
P.O. Box 602780
Cleveland, Ohio 44102


**ATTORNEY FOR APPELLEE**


Parri J. Hockenberry
Cheek Law Office, L.L.C.
471 East Broad Street - 12th Floor
Columbus, Ohio 43215

MARY EILEEN KILBANE, A.J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶ 2} Defendant-appellant, Scott Merriman (Merriman), appeals from the trial court's order granting plaintiff-appellee, Matrix Acquisitions, L.L.C. (Matrix), summary judgment and awarding Matrix $31,057.33. Finding merit to the appeal, we reverse and remand.

{¶ 3} In January 2010, Matrix filed suit against Merriman, alleging that Merriman defaulted on a credit card issued to him by Chase Bank USA, N.A. (Chase). Matrix purchased the obligations allegedly owed by Merriman from Turtle Creek Assets, Ltd., which purchased the debt from Chase. The complaint alleges that Merriman owes $26,921.22 ($19,596.08 plus $7,325.14 in accrued interest) and future interest and costs. In response, Merriman filed an answer denying that he ever had a credit card with Chase.

**{¶ 4}** On July 26, 2010, Matrix moved for summary judgment, arguing that it is the assignee of Chase and is entitled to recover from Merriman the amount owed on Merriman's Chase account.[1]  On August 3, 2010, the trial court held a settlement conference, at which the court ordered that "discovery cut-off is 10/29/2010" and the "response to dispositive motion(s) to be filed by 11/30/2010."      Merriman did not file anything with the court from August 3, 2010 to November 10, 2010.   On November 10, 2010, which was prior to the expiration of the response time (November 30, 2010) stated in the trial court's order, the court granted Matrix's motion for summary judgment.   Then on December 10, 2010, the trial court issued a judgment in Matrix's favor in the amount of $19,596.08, plus $11,461.25 in accrued interest, future interest, and costs.

**{¶ 5}** It is from this order that Merriman appeals, raising two assignments of error for review.

ASSIGNMENT OF ERROR ONE

**"The court erred and denied [Merriman] due process by ruling on and granting Matrix's motion for summary judgment prior to [the] expiration of the response time provided by the court's own previous order."**

---

[1]Matrix filed two separate supplemental memoranda in support of its motion for summary in August 2010.

**{¶ 6}** Merriman argues the trial court prematurely granted Matrix's motion for summary judgment, in direct contradiction to its August 3, 2010 order. Matrix concedes this point and we agree.

**{¶ 7}** In the instant case, the trial court set a schedule for discovery, the filing of dispositive motions, and the responses. The order provides in pertinent part: "discovery cut-off is 10/29/2010" and the "response to dispositive motion(s) to be filed by 11/30/2010." On November 10, 2010, prior to the expiration of the stated response time, the trial court granted the following order:

> **"[Matrix's] motion for summary judgment as to [Merriman] * * * filed 07/26/2010, is granted. * * * The court, having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that [Matrix] is entitled to judgment as a matter of law."**

**{¶ 8}** In *Mackey v. Steve Barry Ford, Inc.* (May 30, 1991), Cuyahoga App. No. 58681, this court addressed an analogous situation where the trial court granted defendants' motions for summary judgment prior to its stated response deadline. We stated that: "[t]he trial court, in its inherent authority to set a briefing schedule for one of its cases, told the parties that they had until October 31, 1989 to respond to any dispositive motion. This order clearly afforded plaintiff the opportunity until the end of October to file

any responsive pleadings. The court's action on September 26, 1989 [granting defendants' motions for summary judgment] deprived plaintiff of the stated response time in which he was entitled to file briefs and evidentiary materials." As a result, we found that the trial court "has inherent authority to conduct the management of its cases and set discovery and briefing schedules. To simply collapse the time for responses, without notice, after previously setting down a specific response time amounts in our opinion to an abuse of discretion."

{¶ 9} Just as in *Mackey*, the trial court in the instant case granted Matrix summary judgment prior to the expiration of the response time it set for dispositive motions. As such, we find the trial court abused its discretion.

{¶ 10} Thus, the first assignment of error is sustained.

ASSIGNMENT OF ERROR TWO

**"The court erred in granting summary judgment where Matrix failed to carry the moving party's initial burden."**

{¶ 11} In the second assignment of error, Merriman argues Matrix failed to produce evidence demonstrating that he was the individual who opened, used, or was responsible for the Chase account. However, based on our disposition of the first assignment of error, we overrule the second assignment of error as moot. See App.R.12(A)(1)(c).

{¶ 12} Accordingly, judgment is reversed.  The case is remanded so Merriman shall have the remainder of time set by the trial court to respond to Matrix's motion for summary judgment.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
KENNETH A. ROCCO, J., CONCUR